IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RYAN PETERS, on behalf of himself and similarly situated employees, | CIVIL ACTION<br><br>No. 2:19-cv-1239 |
| Plaintiffs, | |
| v. | |
| GNC CONTRACTING d/b/a G AND C CONTRACTING, JERRY CONKLIN, an individual, and CRYSTAL ZAWINSKI, an individual | |

## COMPLAINT

NOW COMES Plaintiff, Ryan Peters, by and through his undersigned attorneys, individually and on behalf of all persons similarly situated, for his Collective Action Complaint against Defendants GNC Contracting d/b/a G and C Contracting, Jerry Conklin, and Crystal Zawinski (collectively, "Defendants"), states as follows:

## JURISDICTION AND VENUE

1. This Court has subject-matter jurisdiction over Plaintiffs' FLSA claims, pursuant to 28 U.S.C. § 1331, because Plaintiffs' claims raise a federal question under 29 U.S.C. § 201 *et seq*.

2. This Court has jurisdiction over this FLSA collective action pursuant to 29 U.S.C. § 216(b), which provides that suit under the FLSA "may be maintained against any employer…in any Federal or State court of competent jurisdiction."

3. Defendants' annual sales exceed $500,000 and Defendants employ more than two persons, so the FLSA applies in this case on an enterprise basis. Defendants' employees engage in interstate commerce; therefore, they are also covered by the FLSA on an individual basis.

4. This Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiffs' state law claims because those claims derive from a common nucleus of operative facts.

5. Venue is proper in the District pursuant to 29 U.S.C. § 1391 because the actions and omissions giving rise to the claims pled in this Complaint substantially occurred in this District.

## PARTIES

6. Plaintiff, Ryan Peters, is a resident of Allegheny County, Pennsylvania and formerly worked for Defendants as an hourly, non-exempt employee. Plaintiff Peters Consent to Join form is attached hereto as **Exhibit A.**

7. Opt-in Plaintiff William Sudduth ("Plaintiff Sudduth"), is a resident of Allegheny County, Pennsylvania, and formerly worked for Defendants as an hourly, non-exempt employee. Plaintiff Sudduth's Consent to Join form is attached hereto as **Exhibit B.**

8. GNC Contracting d/b/a/ G and C Contracting is a Pennsylvania Business with a place of business at 101 Geyer Road, Pittsburgh, PA 15209.

9. Defendant Jerry Conklin is an owner of GNC Contracting d/b/a G and C with a place of business at 101 Geyer Road, Pittsburgh, PA 15209.

10. Crystal Zawinski is an owner of GNC Contracting d/b/a G and C with a place of business at 1010 Geyer Road, Pittsburgh, PA 15209.

## CLASS DEFINITIONS

11. Plaintiff brings this lawsuit pursuant to 29 U.S.C. 216(b) as a collective action on behalf of the following class of potential opt-in litigants:

    *All individuals who are current or former employees of GNC Contracting d/b/a G and C Contracting who worked for Defendant in the last three (3) years.*

12. Plaintiff also brings this lawsuit for Counts Three through Five as a class action pursuant to the Federal Rules of Civil Procedure 23, on behalf of himself and the following class:

*All individuals who are current or former employees of GNC Contracting d/b/a G and C Contracting who worked for Defendant in the last three (3) years.*

13. The FLSA Class and the Pennsylvania Class are together referred to as the Classes.

14. Plaintiffs reserve the right to re-define the Classes prior to notice or class certification, and thereafter, as necessary.

## FACTS

15. Defendants are in the business of construction and remodeling services including kitchens and baths, game rooms and home improvements.

16. Jerry Conklin is part owner of GNC Contracting d/b/a G and C Contracting.

17. Crystal Zawinsky is part owner of GNC Contracting d/b/a G and C Contracting.

18. Mr. Conklin's duties include giving orders, assigning duties, hiring and firing, and directly supervising employees.

19. Ms. Zawinski's duties include labor, bidding on jobs, hiring and firing, and working with Mr. Conklin to run the company.

20. In order to provide services to customers, Defendants have employed dozens of hourly employees during the past three years.

21. Plaintiffs and all other similarly situated individuals were, or are, employed by Defendants as hourly employees holding manual labor positions.

22. Plaintiff Peters began working for Defendants on May 5, 2019 as an hourly employee and was to earn a regular rate of $10.00 per hour during the course of his employment with Defendants. *See* **Exhibit C.**

23. Plaintiff Peters last day of work was on or about August 3, 2019.

24. During his employment, Plaintiff Peters held the position of laborer.

25. Plaintiff Peters' duties included isntalling drywall, painting, flooring, masonry, roofing, and other construction.

26. Plaintiff Peters observed other members of the Class performing the same or similar job duties.

27. Plaintiff Peters typically worked twelve (12) hours per day, 5-6 days per week.

28. Opt-In Plaintiff Sudduth began working for Defendant on May 14, 2019 as an hourly employee and was to earn a base rate of $10.00 per hour during the course of his employment with Defendants. *See* **Exhibit D.**

29. Opt-In Plaintiff Sudduth's last day of work was on or about July 29, 2019.

30. During his employment, Opt-In Plaintiff Sudduth held the position of laborer.

31. Opt-In Plaintiff Sudduth's duties including installing drywall, painting, flooring, masonry, roofing, and other construction.

32. Opt-In Plaintiff Sudduth observed other members of the Class performing the same or similar job duties.

33. Opt-In Plaintiff Sudduth typically worked twelve (12) hours per day, 5-6 days per week.

34. Defendants do not maintain accurate records of the hours that Plaintiff and the Classes worked each workday and total hours worked each workweek as required by the FLSA 29 C.F.R. § 516.2(a)(7).

35. Defendants, by altering or manipulating the employee's hours, failed to compensate employees for their hours worked.

36. Additionally, Defendants failed to properly compensate employees for overtime hours worked.

37. Defendants failed to maintain a regular pay date, often paying Plaintiffs well after the date they should have been paid.

38. Plaintiff and the Class reported directly to Jerry Conklin and Crystal Zawinski regarding all matters related to their employment.

39. Jerry Conklin and Crystal Zawinski controlled the terms and conditions of Plaintiff's employment.

40. Defendants have acted willfully and with reckless disregard of clearly applicable FLSA and state law provisions by failing to compensate Plaintiffs and the Classes for hours worked in excess of forty per week.

41. Defendants knew or should have known Plaintiff and the Class were being paid less than minimum wage and not being compensated for overtime hours worked.

## COLLECTIVE ACTION ALLEGATIONS

42. Plaintiff brings this lawsuit pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of the FLSA Class as defined above.

43. Plaintiff's desire to pursue their FLSA claim on behalf of any individuals who opt-in to this action pursuant to 29 U.S.C. § 216(b).

44. Plaintiffs and the FLSA Class are similarly situated as that term is used in 29 U.S.C. § 216(b), because, inter alia, all such individuals worked pursuant to Defendants' previously described common business practices and, as a result, were not paid their full amounts of legally mandated overtime premium for hours worked over forty during the workweek.

45. The similarly situated employees are known to Defendants, are readily identifiable, and may be located through Defendants' records. These similarly situated employees may be

readily notified of this action through direct U.S. mail and/or other appropriate means, as allowed to opt into it pursuant to 29 U.S.C. § 216(B) for the purpose of collectively adjudicating their claims for overtime compensation, liquidated damages, interest, and attorney's fees and costs under the FLSA

## CLASS ACTION ALLEGATIONS

46. Plaintiff also brings this action pursuant to Fed. R. Civ. P. 23 on behalf of himself and the Pennsylvania Class described above.

47. The m embers of the Pennsylvania Class are so numerous that joinder of all members is impracticable.

48. Plaintiffs will fairly and adequately represent and protect the interests of the Pennsylvania Class because there is no conflict between the claims of Plaintiff and those of the Pennsylvania Class, and Plaintiff's claims are typical of the claims of the Pennsylvania Class.  Plaintiff's counsel are competent and experienced in litigating class actions and other complex litigation matters, including wage and hour cases, like this one.

49. There are questions of law and fact common to the proposed Pennsylvania Class, which predominate over any questions affective on individual Class members, including whether Defendants violated and continue to violate Pennsylvania law through its policy or practice of not paying proper wages to its employees.

50. Plaintiffs' claims are typical of the claims of the Pennsylvania Class in the following ways: 1) Plaintiff is a member of the Pennsylvania Class; 2) Plaintiff's claims arise out of the same policies, practices and course of conduct that form the basis of the claims of the Pennsylvania Class; 3) Plaintiff's Claims are based on the same legal and remedial theories as those of the Pennsylvania Class and involve similar factual circumstances.; 4)

there are no conflicts between the interests of the Plaintiff and the Pennsylvania Class members; and 5) the injuries suffered by Plaintiffs are similar to the injuries suffered by the Pennsylvania Class members.

51. Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the Pennsylvania Class predominate over any questions affecting only individual Class members.

52. Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication or effort and expense that numerous individual actions would entail.

53. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy. The Pennsylvania Class is readily identifiable from Defendants employment records. Prosecution of separate actions by individual members of the Pennsylvania Class would create the risk of inconsistent or varying adjudications with respect to the individual Class members that would establish incompatible standards of conduct for Defendants

54. A class action is superior to other available methods for adjudication of this controversy because joinder of all members is impractical. The amounts at stake for the Defendants' employees, while significant, are not great enough to maintain separate suits against Defendants.

55. Without a class action, Defendants will retain the benefit of its wrongdoing, which will result in further damages to Plaintiff and the Pennsylvania Class. Plaintiff envisions no difficulty in the management of this case as a class action.

## COUNT I
## VIOLATIONS OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. § 201, *et seq.*, FAILURE TO PAY OVERTIME

56. All previous paragraphs are incorporated as though fully set forth herein.

57. At all times relevant to this Complaint, Defendants were joint "employers" under the FLSA, 29 U.S.C. § 203(d), subject to the provisions of 29 U.S.C. §§ 201, *et seq.*; 29 C.F.R. § 791.2.

58. At all times relevant to this Complaint, Plaintiffs were "employees" of Defendants within the meaning of the FLSA, 29 U.S.C. § 203(e)(1).

59. Plaintiffs either (1) engage din commerce; or (2) engaged in the production of goods for commerce; or (3) were employed in an enterprise engaged in commerce or in the production of goods for commerce.

60. Plaintiffs and the proposed Collective members are not exempt from the applicable provisions of the FLSA.

61. At all times relevant to this Complaint, Defendants "suffered or permitted" Plaintiffs to work and thus "employed" them within the meaning of the FLSA, 29 U.S.C. § 203(g).

62. The FLSA requires an employer to pay all employees the federally mandated overtime premium rate of one and one-half times their regular rate of pay for every hour worked in excess of 40 hours per workweek.  29 U.S.C. § 207.

63. Plaintiffs regularly worked over 40 hours per week while employed by Defendants.

64. Defendants violated the FLSA by failing to pay Plaintiffs overtime compensation, at the rate of one and one-half times their regular hourly rate, for all hours worked in excess of 40 per workweek.

65. Defendants' violations of the FLSA were willful, with knowledge or reckless disregard of the statutory overtime requirements, as demonstrated by their failure to pay Plaintiffs an overtime premium for all hours worked in excess of 40 per week.

66. As a result of the foregoing, Plaintiffs were injured and seek appropriate relief against Defendants including back pay, liquidated damages, reasonable attorneys' fees and costs, and all other relief just and appropriate in the circumstances.

## COUNT II

### VIOLATION OF 29 C.F.R. § 516, *et seq.*
### FAILURE TO MAINTAIN REQUIRED RECORDS

67. All previous paragraphs are incorporated as though fully set forth herein.

68. 29 C.F.R. § 516.1 subjects "every employer subject to any provisions of the Fair Labor Standards Act" to maintain employee records.

69. The FLSA requires all employers to keep all payroll records and time records for at least three (3) years (including all basic timecards and daily starting/stopping times of individual employees).  See 29 U.S.C. § 211(c); 29 C.F.R. 516.1, *et seq*.

70. As Plaintiffs' employer, Defendants were subject to the FLSA's record keeping requirements.

71. Defendants' obligations were to maintain and preserve payroll or other records containing, without limitations, the total hours worked by each employee each workday and total hours worked by each employee each workweek.  29 C.F.R. § 516.2.

72. Upon information and belief, Defendants maintain corporate policies and/or practices of evading pay for its hourly employees by altering their time records and pay periods and failing to accurately record Plaintiff's hours worked.

73. Defendants failed to maintain and preserve accurate timesheets and payroll records as required by 29 C.F.R. § 516.2.

74. When the employer fails to keep accurate records of the hours worked by its employees, the rule in *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687-88, 66 S. Ct. 1187, 1192 (1946) is controlling. That rule states:

> [w]here the employer's records are inaccurate or inadequate…an employee has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference. The burden then shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negative reasonableness of the inference to be drawn from the employee's evidence. If the employer fails to produce such evidence, the court may then award damages to the employee, even though the result be only approximate.

58. The Supreme Court set forth this test to avoid placing a premium on an employer's failure to keep proper records in conformity with its statutory duty, thereby allowing the employer to reap the benefits of the employees' labors without proper compensation as required by the FLSA. Where damages are awarded pursuant to this test, "[t]he employer cannot be heard to complain that the damages lack the exactness and precision of measurement that would be possible had he kept records in accordance with…the Act." *Id.*

59. As a result of the Defendants' recordkeeping violations, Plaintiffs seek a declaratory judgment and order that the *Anderson* burden-shifting framework applies in this case, along with all other relief just and appropriate in the circumstances.

## COUNT III
### Violations of the Pennsylvania Minimum Wage Act

60. All previous paragraphs are incorporated as though fully set forth therein.

61. The Pennsylvania Minimum Wage Act of 1968 requires that covered employees be compensated at a rate not less than the standard rate.

62. The Pennsylvania Minimum Wage Act of 1968 requires that covered employees be compensated for all hours worked in excess of forty per week at a rate of at least one and one-half time the regular rate at which he or she is employed. See 43 P.S. § 333.104 (c) and 34 Pa. Code. § 231.41.

63. As described above Plaintiffs and Pennsylvania Class were subject to Defendants' practice of not paying employees for all hours worked, including overtime.

64. Plaintiffs and Pennsylvania Class were not properly compensated for hours worked at a rate equal to or above Pennsylvania's minimum wage.

65. Additionally, Plaintiffs and Pennsylvania class were not properly compensated for hours worked in excess of forty (40) hours per workweek.

66. Plaintiffs and Pennsylvania Class were non-exempt employees.

67. In violating the PMWA, Defendants acted willfully and with reckless disregard of the applicable provisions to the detriment of Plaintiff and the Class.

## COUNT IV
### Violation of the Pennsylvania Wage Payment and Collection Law

68. All previous paragraphs are incorporated as though fully set forth therein.

69. The Pennsylvania Wage Payment and Collection Law (WPCL) requires that an employer pay all wages due to its employees. 43 P.S. § 260.3.

70. Defendants have intentionally failed to pay wages due to employees for

    a. Purposefully failing to pay employees for the true and correct number of hours they have worked; and

    b. Failing to pay employees minimum wage and all other wages due.

71. Pursuant to 43 P.S. § 260.9 and 260.10, employers, such as Defendants, who intentionally fail to pay an employee wages in conformance with the WPCL shall be liable to the employee for the wages or expenses that were intentionally not paid, liquidated damages, court costs and attorneys' fees incurred in recovering the unpaid wages.

72. Defendants do not have written authorization from Plaintiffs or Pennsylvania Class Members to withhold, divert, or deduct any portion of his or her wages that concern this action.

73. Defendants violated Pennsylvania law by failing to pay Plaintiffs and the Pennsylvania Class for all compensable time and by failing to pay plaintiff and the Pennsylvania Class for work time, including overtime, at the established rate.

## COUNT V
### Unjust Enrichment

74. All previous paragraphs are incorporated as though fully set forth herein.

75. Defendants has received and benefitted from the uncompensated labors of Plaintiffs and Pennsylvania Class, such that to retain such benefit without compensation would be inequitable and unjustly enrich the Defendant.

76. At all times relevant hereto, Defendants, devised and implemented a plan to increase its earnings and profits by fostering a scheme of securing work from plaintiffs and Pennsylvania Class without paying total compensation and overtime for hours worked.

77. Contrary to good faith and fair dealing, Defendants induced Plaintiffs and the Classes to perform work while failing to pay overtime and/or minimum wage compensation for all hours worked as required by law.

78. By reason of having secured the work and efforts of Plaintiffs and the Pennsylvania Class without paying overtime and full compensation as required by law, Defendants enjoyed reduced labor costs and consequentially additional earnings and profit to its own benefit.

79. Therefore, Plaintiffs and Pennsylvania Class are entitled to judgment in an amount equal to the benefits unjustly retained by Defendants.

**RELIEF REQUESTED**

WHEREFORE, Plaintiff Peters, on behalf of himself and all others similarly situated, requests an order for relief as follows:

A. An order permitting this litigation to proceed as a collective action pursuant to 29 U.S.C. § 216(b);

B. An order compelling Defendant to provide a full list of all current and former employees for the last three (3) years.

C. Prompt notice, pursuant to 29 U.S.C. § 216(b), of this litigation to all potential Class members;

D. An order permitting this litigation to proceed as a class action pursuant to Federal Rules of Civil Procedure 23 on behalf of the Pennsylvania Class;

E. Back pay damages (including unpaid overtime compensation and unpaid wages) and prejudgment interest to the fullest extent permitted under the law;

F. Liquidated damages to the fullest extent permitted under the law;

G. Litigation costs, expenses, and attorneys' fees to the fullest extent permitted under the law;

H. Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff Peters, individually and on behalf of all others similarly situated, by and through his attorneys, hereby demands a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure and the court rules and statutes made and provided with respect to the above entitled case.

Date:   September 26, 2019

Respectfully Submitted,

*/s/ Kenneth J Hardin II*
Kenneth J. Hardin II, Esq.
**HARDIN THOMPSON, P.C.**
The Frick Building
437 Grant Street
Suite 620
Pittsburgh, PA 15219
412-315-7195
kenhardin@hardinlawpc.net