IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RYAN PETERS, WILLIAM SUDDUTH, TRAVIS CONKLIN, and ROBERT WILSON, | ) ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No. 19-1239 |
| vs. | ) ) | |
| GNC CONTRACTING, d/b/a G&C CONTRACTING, JERRY CONKLIN, and CRYSTAL ZAWINSKI, | ) ) ) ) | |
| Defendants. | ) | |

## **MEMORANDUM OPINION AND ORDER**

Plaintiff Ryan Peters commenced this action on his own behalf and on behalf of similarly situated employees in September 2019, against Defendants GNC Contracting, d/b/a G&C Contracting, Jerry Conklin ("J. Conklin") and Crystal Zawinski ("Zawinski") (sometimes collectively referred to as "Defendants"). The Complaint was brought pursuant to 29 U.S.C. 216(b) as a collective action on behalf all current or former employees of GNC Contracting who had worked for GNC Contracting within the last three years.  Certain counts of the Complaint were also brought as a class action. The claims asserted were violations of the Fair Labor Standard Act ("FLSA"), 29 U.S.C. § 201, et seq., for failure to pay overtime (Count I); failure to maintain required records in violation of 29 U.S.C. § 211(c) and 29 C.F.R. 516.1 (Count II); violations of the Pennsylvania Minimum Wage Act (Count III); violation of the Pennsylvania Wage Payment and Collection Law (count IV); and unjust enrichment (Count V).

Summons were issued as to each Defendant on December 13, 2019. (ECF No. 3.) Plaintiff filed Affidavits of Service on January 6, 2020 (ECF Nos. 5 and 6) indicating that the Complaint was served upon Defendants J. Conklin and Zawinski on December 16, 2019, and December 17,

2019, respectively.  Defendant GNC Contracting was served on January 7, 2020. (ECF No. 7.) After Defendants failed to respond or otherwise plead to the Complaint, Plaintiff requested the entry of default against each of them. The Clerk of Court entered a default against J. Conklin and Zawinski on January 24, 2020, and against GNC Contracting on February 11, 2020.

Plaintiff later moved and was granted leave to amend his Complaint. The Amended Complaint (ECF No. 31) was filed on behalf of Plaintiffs Ryan Peters ("Peters"), William Sudduth ("Sudduth"), Travis Conklin ("T. Conklin") and Robert Wilson ("Wilson") only. It asserted the same claims as the original Complaint, but no longer was styled or pleaded as a collective action or a class action. The Amended Complaint was served on Defendants by United States mail. *Id.* After Defendants failed to respond or otherwise plead to the Amended Complaint within the required time period, Plaintiffs requested that a default be entered against them. (ECF No. 32.) A default was entered by the Clerk of Court on September 10, 2020. (ECF No. 34.)

Presently pending is Plaintiffs' Motion for Default Judgment. (ECF No. 35.) An evidentiary hearing was held on February 19, 2021, at which all four Plaintiffs testified and certain supporting documents were offered by Plaintiffs. These documents included the following:

1. Employment agreements between Peters and GNC Contracting and Sudduth and GNC Contracting;

2. Payroll records and Schedule Cards for Peters;

3. Affidavit of Damages of Sudduth;

4. Payroll records and related damages documents related to Sudduth;

5. Union Agreement; and

6. Affidavit of Kayla Drum submitted in support of counsel fees and costs and attached summary of attorney services, time spent on each task and amount charged and costs incurred.

2

Following the hearing, Plaintiffs' counsel submitted additional information regarding the request for attorneys' fees, including additional services performed after January 27, 2021, and identification of the attorneys who performed each task and their respective hourly rates. They also submitted a Supplemental Motion for Default Judgment (ECF No. 42) at the Court's request regarding the issue of liquidated damages.

As outlined below, a default judgment will be entered in favor of each Plaintiff.

## I.     Factual Background

According to the Amended Complaint and the testimony of the Plaintiffs at the hearing, Defendant GNC Contracting is in the business of construction and remodeling services. Defendants J. Conklin and Zawinski are owners of GNC Contracting.  Each of the Plaintiffs was employed by Defendants as manual laborers and was to be compensated on an hourly basis.  Plaintiffs reported directly to J. Conklin and Zawinski, who controlled the terms and conditions of their employment.

All of the Plaintiffs are owed back wages for work that they performed for Defendants. Defendants failed to compensate them for regular hours and overtime hours worked.

Plaintiff Peters testified that he began working for Defendants as a laborer on May 13, 2019, as an hourly employee and was to earn a regular rate of $10.00 per hour. His last day of work was August 3, 2019. He worked sixty (60) hours per week on average. For the first forty (40) hours, he earned $400.00 per week.  For twenty (20) hours of overtime, he earned $300.00 per week.  During his employment, he earned $8,400.00 but was only paid $971.00.

As he testified, Plaintiff Sudduth began working for Defendants on May 27, 2019, as an hourly employee at a regular rate of $10 per hour. His last day of work was June 25, 2019. He worked sixty (60) hours per week on average. For the first forty (40) hours, he earned $400.00 per week.  For twenty (20) hours of overtime, he earned $300.00 per week. He earned $700.00 per

3

week for the first four week of his employment and $520.00 per week for his final week. During that week, he worked eight (8) hours of overtime for a total of $120.00. During his employment, he earned $3,320.00 but was only paid $996.00. He is also owed $30.00 for a check from Defendants that was denied for lack of funds.

Plaintiff T. Conklin testified that he began working for Defendants as a laborer on November 1, 2019, as an hourly employee and was to earn a regular rate of $10.00 per hour. His last day of work was December 25, 2019. He worked sixty (60) hours per week on average. For the first forty (40) hours, he earned $400.00 per week.  For twenty (20) hours of overtime, he earned $300.00 per week. During his employment, he earned $4,900.00 but was only paid $250.00. Plaintiff T. Conklin also worked for Defendants between August 2, 2019, and September 24, 2019, at the same hourly rate. On average, he worked 28.57 hours per week and earned $287.70 per week. During this period of employment, he earned $1,999.90 but received no wages.

Finally, Plaintiff Wilson testified that he worked as a laborer for Defendants, starting on June 18, 2019, for a period of one week at an hourly rate of $10. He worked 25 hours during this week and earned $250.00. He was not paid for this work.

## II.     Standard of Review

This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331. A district court may enter default judgment against a party when a default has been entered by the Clerk of Court. Fed. R. Civ. P. 55(b)(2). Entry of default judgment is a matter within the sound discretion of the court. *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984).

Three factors are examined in determining whether to grant a default judgment: prejudice to the plaintiff if default is denied; whether the defendant appears to have a litigable defense; and whether the defendant's delay is due to culpable conduct. *Chamberlain v. Giampapa*, 210 F.3d 154,

164 (3d Cir. 2000). Once a default judgment is entered, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990) (citations omitted). *See also Stout Street Funding LLC v. Johnson*, 2014 WL 5591043 *2 (E.D. Pa. Nov. 4, 2014).

### III.    Discussion

#### A.  Liability

All of Plaintiff's claims arise out of their employment by GNC Contracting. They have submitted unrebutted evidence that they were not paid what was earned for the work they performed.

In Count I of the Amended Complaint, Plaintiffs assert a claim under the FLSA. It is uncontroverted that Defendants were joint "employers" under the FLSA, 29 U.S.C. § 203(d), subject to the provisions of 29 U.S.C. §§ 201, et seq.; 29 C.F.R. § 791.2. Further, Plaintiffs were "employees" of Defendants within the meaning of the FLSA, 29 U.S.C. § 203(e)(1) and were employed in an enterprise engaged in commerce or in the production of goods for commerce.

Defendants employed Plaintiffs within the meaning of the FLSA, 29 U.S.C. § 203(g). The FLSA requires an employer to pay all employees the federally mandated overtime premium rate of one and one-half times their regular rate of pay for every hour worked in excess of 40 hours per workweek. 29 U.S.C. § 207. Other than Plaintiff Wilson, Plaintiffs regularly worked over 40 hours per week while employed by Defendants. The FLSA also requires Defendants to pay a minimum wage for regular hours worked. 29 U.S.C. § 206. As the evidence demonstrated, Plaintiffs were not paid for some or all of the regular hours that they worked.

Therefore, the Court concludes that Defendants violated the FLSA by failing to pay Plaintiffs Peters, Sudduth, T. Conklin, and Wilson minimum wages earned and pay Plaintiffs Peters,

Sudduth, and T. Conklin overtime compensation at the rate of one and one-half times their regular hourly rate for all hours worked in excess of 40 hours per workweek. Defendants' violations of the FLSA were willful and with knowledge or reckless disregard of the statutory requirements, as demonstrated by their failure to pay Plaintiffs for regular hours worked as well as an overtime premium for all hours worked in excess of 40 hours per week.

Plaintiffs are also entitled to liquidated damages in an equal amount to the amount owed in federal unpaid and overtime wages. 29 U.S.C.A. § 216(b). While a district court has discretion to reduce or deny liquidated damages based upon a showing a good faith, *see Alvarez Perez v. Sanford-Orlando Kennel Club, Inc.*, 515 F.3d 1150, 1163 (3d Cir. 2008), the defaulting Defendants have failed to establish a good faith defense against Plaintiffs' claims for liquidated damages. Therefore, Plaintiffs are entitled to liquidated damages in an amount equal to the wages owed.

Plaintiff has also demonstrated that Defendants violated Pennsylvania law by failing to pay Plaintiffs for all compensable time and by failing to pay plaintiffs for work time, including overtime, at the established rate. The Pennsylvania Wage Payment and Collection Law ("WPCL") requires that an employer pay all wages due to its employees. 43 P.S. § 260.3. It is unrefuted that Defendants purposefully and intentionally failed to pay Plaintiffs for the correct number of hours that they worked and to pay all wages due. As such, Defendants are liable to Plaintiffs for the wages or expenses that were intentionally not paid, as well as liquidated damages, court costs and attorneys' fees incurred in recovering the unpaid wages.[1]

The Pennsylvania Minimum Wage Act of 1968 requires that covered employees be compensated at a rate not less than the standard rate and for all hours worked in excess of forty per

---

[1] Pursuant to the WPCL, an employee is entitled to claim as liquidated damages an amount equal to twenty-five percent (25%) of the total amount of wages due, or five hundred dollars ($500), whichever is greater. 43 P.S. § 260.10. However, Plaintiffs' Supplemental Motion for Entry of Default only seeks liquidated damages under the FLSA.

week at a rate of at least one and one-half time the regular rate at which he or she is employed. *See* 43 P.S. § 333.104 (c) and 34 Pa. Code. § 231.41. As described above, Plaintiffs were subject to Defendants' practice of not paying employees for all hours worked, including overtime. Plaintiffs, who were non-exempt employees, were not properly compensated for hours worked in excess of forty (40) hours per workweek. Therefore, Defendants violated the Minimum Wage Act by not paying Plaintiffs for work that was performed.

With respect to Plaintiffs' claim in Count II, that is, Defendants' failure to maintain required records, 29 C.F.R. § 516, et seq., the unrefuted allegations in the Amended Complaint state that Defendants failed to do so. Thus, these allegations are accepted as true. However, Plaintiffs did not seek any damages or non-monetary relief related to this claim. Finally, Count V asserts an unjust enrichment claim. Defendants failed to respond to this claim and therefore, the allegations may be taken as true. However, this claim is equitable in nature. Thus, while judgment will be entered with respect to this claim, Plaintiffs' damages will be calculated pursuant to the relevant statutes.

Therefore, Plaintiffs' unrefuted and well-pleaded facts, testimony and documentary evidence are sufficient to establish Defendants' liability.

The Court will next turn to the three factors that must be examined in order to determine whether to grant a default judgment. *Chamberlain*, 210 F.3d at 164. A review of these factors supports the entry of a default judgment in favor of each of the Plaintiffs.

First, Plaintiffs will be prejudiced if default is denied. Defendants have failed to appear or respond despite being served with the Complaint, the Amended Complaint, and requests for entry of default. Second, the fact that the Complaint sets forth well-pleaded claims upon which relief can be granted, as well as the evidence presented at the hearing, suggest that Defendants do not have a litigable defense. Simply stated, they hired each of the Plaintiffs as laborers and failed to pay them

7

for all of the hours that they worked. Finally, given that Defendants were served and failed to respond in any manner, it must be concluded that their default is due to culpable conduct.

Therefore, the Court concludes that a default judgment is appropriately entered in this case in favor of each of the Plaintiffs. The Complaint was served upon Defendants, they failed to appear and a default was entered against Defendants by the Clerk of Court. Defendants are not infants, incompetent, or in the military service of the United States of America. In addition, the facts pleaded in the Complaint and the testimony and evidence presented at the hearing are sufficient to demonstrate liability. Accordingly, the Court will now turn to the amount of damages to be awarded to each of the Plaintiffs.

B. Damages

1. Ryan Peters

Mr. Peters earned $8,400.00 and was only paid $971.00. Therefore, his actual damages are $7,429.00. When liquidated damages in an equal amount are added, his total damages are $14,858.00.

2. William Sudduth

Mr. Sudduth earned $3,320.00 and was only paid $996.00. He is owed back wages in the amount of $2,324.00, as well as the $30.00 fee for a dishonored check. Therefore, his actual damages are $2,354.00. When liquidated damages in an equal amount to his wages are added, his total damages are $4,678.00.

3. Travis Conklin

Mr. Conklin earned $4,900.00 for the period of time between November 1, 2019, and December 25, 2019, and was only paid $250.00, leaving a balance of back wages owed of $4,650.00. He also earned $1,999.90 between August 2, 2019, and September 24, 2019, but

received no wages. Therefore, his actual damages are $6,649.90. When liquidated damages in an equal amount to his wages are added, his total damages are $13,299.80.

### 4.   Robert Wilson

Mr. Wilson earned $250.00 and received no wages. Therefore, his actual damages are $250.00. When liquidated damages in an equal amount to his wages are added, his total damages are $500.00.

### C.   Attorneys' Fees

Plaintiffs also claim attorneys' fees in the amount of $22,287.50 and costs of $43.05. In support of this claim, they supplied the sworn Affidavits of Kayla Drum, counsel for Plaintiffs. In her Affidavits, Ms. Drum attaches a detailed summary of the services performed by each attorney who worked on this matter as well as the time spent on each activity. She represents that this summary was prepared from contemporaneous time records maintained by her firm, and the hourly rates are the currently hourly rates charged for the services of each attorney in non-contingent matters and/or which have been accepted in similar litigation. As referenced previously, counsel subsequently submitted an updated summary and the hourly rate of each timekeeper who performed any of the services set forth in either summary.

The lodestar approach is appropriately used to examine the reasonableness of total billings in this matter. *See Student Pub. Interest Research Group of N.J., Inc. v. Windall*, 51 F.3d 1179 (3d Cir. 1995). This is the product of the hours reasonably expended and the hourly billing rate for the legal services rendered. *Id*; *see also Hensley v. Eckerhart*, 461 U.S. 424, 433–34 (1983). As required, the Court has reviewed each billing entry, including the nature of the service performed, the time spent in doing so, the professional who performed the work and the hourly rates for each such service. Based upon this review, it concludes that other than several entries that do not appear

to be related to the claims in this action, the work performed and total time spent on this case was reasonable and appropriate.  The Court has deducted the following entries as unrelated to this matter or a duplicate entry:  (1) the first three entries on August 21, 2019 ($150.00); the final entry on April 20, 2020 ($90.00); the second entry on August 14, 2020 ($330.00); the first entry on September 4, 2020 ($45.00) (*see* second entry on April 20, 2020). The total to be deducted is $615.00. Therefore, after deducting these fees from the amount claimed of $22,287.50, the Court will award $21,672.50 in attorneys' fees.

Finally, Plaintiff is also entitled to recover the costs incurred in connection with this lawsuit, which, as reflected in the billing file, total $42.55.

## IV.    Conclusion

For the reasons set forth herein, each of the Plaintiffs has demonstrated that he is entitled to a default judgment against Defendants and an award of damages, attorneys' fees and costs.

Therefore, Plaintiffs' motion for entry of a default judgment will be granted.  Appropriate orders will follow.

Dated: March 18, 2021                              BY THE COURT:


                                                   /s/ Patricia L. Dodge
                                                   PATRICIA L. DODGE
                                                   United States Magistrate Judge

cc:     Jerry Conklin
        1101 Geyer Road
        Pittsburgh, PA 15209

        GNC Contracting
        1101 Geyer Road
        Pittsburgh, PA 15209

        Crystal Zawisnki
        1101 Geyer Road
        Pittsburgh, PA 15209